## Commonwealth v. Stewart

Paul P. Wisler, for Commonwealth.
Paul A. Davis, 4th, of Smillie & Bean, for defendant.

KNIGHT, P. J., May 8, 1945.—The Department of Revenue presented its petition under the provisions of the Act of June 1, 1915, P. L. 661, upon which a rule was granted upon Edward Stewart to show cause why an order should not be made against him in the sum of $1,805.01 to cover the past maintenance of his wife while a patient in the Norristown State Hospital.

An answer was filed denying that defendant was legally or financially able at this time to pay the whole or any part of the claim of the Commonwealth.

A hearing was held, at which it appeared that defendant is employed by the Department of Highways of the Commonwealth, that he is under an order of this court to pay his wife $3 per week alimony pendente lite, and under an order of the Municipal Court of Philadelphia to pay his wife $7 a week for her maintenance and support. These court orders, together with other proper and legitimate living expenses of the defendant exhaust his income, which is derived entirely from his wages.

Counsel for the department argues that the Act of 1915, supra, makes it mandatory upon the court to impose an order on the defendant.

We do not so read the act. Section 3 provides that the husband of any person who is an inmate of a state hospital maintained in whole or in part by the Commonwealth, and who is legally able so to do, shall be liable to pay for the maintenance of any such person. This fixes the liability of defendant, if he is legally able to pay.

The words "legally able to pay", as used in the act, in our opinion, mean "of financial ability to pay". Whether a person is of financial ability to pay is a question of fact for the court.

The 4th section of the act provides that the court upon application of the Attorney General *"shall have power"* to make an order on defendant. Whether an order shall be made on this defendant lies within the discretion of the court depending on our finding as to his ability to pay.

We find from the evidence that the defendant has not the ability to pay the whole or any part of the Commonwealth's claim at this time.

And now, May 8, 1945, the rule is discharged without prejudice to the Commonwealth to present another petition if changing circumstances warrant it.